IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRES HERNANDEZ HERNANDEZ, an individual, | ) ) ) |
| Plaintiff, | ) Case No. 1:19-cv-0521 ) ) |
| v. | ) ) |
| IIR, INC., an Illinois corporation, and ANTHONY DUARTE, an individual, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

The Plaintiff, Andres Hernandez Hernandez ("Hernandez"), by and through his attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complains against Defendants, IIR, Inc. and Anthony Duarte, as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a work week. Plaintiff was a construction worker and laborer for Defendants' construction business.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

1

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.  Plaintiff Hernandez is a former employee of the Defendants' construction business. Plaintiff Hernandez worked as a construction worker and laborer at Defendants' construction business from approximately January, 2008 through January 8, 2019.

5.  During the course of his employment, Plaintiff Hernandez used and handled goods and materials, including construction materials, tools and implements, which moved in interstate commerce prior to being used or purchased in Illinois.

6.  Plaintiff Hernandez resides in and is domiciled in this judicial district.

7.  Defendant IIR, Inc. is an Illinois corporation that operates a construction and remodeling business and is engaged in performing construction at residential and commercial properties throughout Chicago and maintains a registered office at 70 W. Madison St, Suite 1400, Chicago, IL 60603.

8.  Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2016, 2017 and 2018.

9.  Defendant Anthony Duarte ("Duarte") is the President and owner of IIR, Inc.

10. At all times relevant to this action, Defendant Duarte possessed extensive oversight over IIR, Inc. and its business operations. Defendant Duarte was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

11. Upon information and belief, Defendant Duarte resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

12. During the period from January 8, 2016 to January 8, 2019, Plaintiff Hernandez regularly worked six (6) days per week. On Monday through Friday, he typically worked from 7:00 a.m. to 4:30 p.m., and on Saturday he typically worked from 7:00 a.m. to 3:30 p.m. On occasion, Plaintiff Hernandez was required to work as late as 6:00 p.m. or 7:00 p.m. Plaintiff typically took a thirty minute lunch break and did not work on Sunday.

13. Based on his schedule, Plaintiff Hernandez regularly worked at least fifty-three (53) hours in individual workweeks from January 8, 2016 through January 8, 2019.

14. During 2016, Defendants paid Plaintiff Hernandez $140.00 per day. This amount was based on the rate of $17.50 per hour for eight (8) hours. During 2017 and 2018, Defendants paid Plaintiff $150.00 per day. This amount was based on the rate of $18.75 per hour for eight (8) hours.

15. Defendants paid Plaintiff Hernandez his wages with a non-payroll company check, and deducted $1,200.00 per month as and for rent Defendant Duarte charged Plaintiff Hernandez for an apartment Plaintiff rented on North Ridgeway Avenue in Chicago, Illinois.

16. Defendants did not compensate Plaintiff Hernandez at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

17. During the relevant period from January 8, 2016 through January 8, 2019, Defendants paid all of Plaintiff's overtime compensable hours at or below his straight-time hourly rate of pay.

18. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

19. Upon information and belief, Defendants failed to post, and keep posted, FLSA, IMWL and CMWO notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9 and Ill. Adm. Code 210.700.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

20. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

21. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

22. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

23. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

24. Defendant IIR, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

25. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

26. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation to Plaintiff even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a work week. In an attempt to conceal their overtime violations, Defendants paid Plaintiff with non-payroll checks that did not reflect the number of hours Plaintiff worked. Upon information and belief, Defendants' wage payments to Plaintiff were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Andres Hernandez Hernandez, prays for a judgment against Defendants, IIR, Inc. and Anthony Duarte, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

28. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

29. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

30. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

31. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

32. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Andres Hernandez Hernandez, prays for a judgment against Defendants, IIR, Inc. and Anthony Duarte, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

34. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

35. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

36. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

37. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Andres Hernandez Hernandez, prays for a judgment against Defendants, IIR, Inc. and Anthony Duarte, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff's worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: January 25, 2018

Respectfully submitted,
Andres Hernandez Hernandez,
Plaintiff

/s/ Timothy M. Nolan
_____
One of the attorneys for the Plaintiff

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com