UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.2
Eastern Division

Andres Hernandez Hernandez
                              Plaintiff,
v.                                              Case No.: 1:19−cv−00521
                                                Honorable John F. Kness
IIR, Inc., et al.
                              Defendant.

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 13, 2020:

MINUTE entry before the Honorable John F. Kness: Before the Court is the parties' Agreed Motion to Amend Order of Dismissal [47], in which the parties ask the Court to "amend its Order of dismissal entered on April 3, 2020 (Dkt. 46) to provide that the dismissal of this matter will convert from a dismissal without prejudice to a dismissal with prejudice on May 29, 2020, instead of May 15, 2020." For the reasons stated by the parties, the motion is granted subject to the following explanation. Strictly speaking, this action was not dismissed by the Court's "order of dismissal"; that docket entry merely memorialized the parties' intent. Rather, the dismissal was given automatic effect by operation of Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. That provision says (in relevant part) that a plaintiff may voluntarily dismiss an action "without a court order" where a stipulation of dismissal is, as it was here, "signed by all parties." When a voluntary dismissal is taken under Rule 41(a)(1), the "effect" of the dismissal−that is, whether the dismissal is with or without prejudice−depends upon the parties' agreement. FRCP 41(a)(1)(B). A voluntary dismissal is presumptively without prejudice "[u]nless the notice or stipulation states otherwise[.]" Here, the stipulation of dismissal [44] did "state[] otherwise": it said that, in the absence of a motion to enforce the settlement on or before May 15, 2020, the dismissal would convert automatically to a dismissal with prejudice. In their present motion, the parties have merely revised their agreement such that the conversion to a dismissal with prejudice will occur no sooner than May 29, 2020. Because the parties are the masters of the terms of their settlement, the Court will accommodate their wishes and grant the Motion to Amend. Accordingly, the record will reflect that, in the absence of a motion seeking additional time or to enforce the parties' settlement agreement, the dismissal of this matter will convert to a dismissal with prejudice on May 29, 2020. Mailed notice(ef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.